T.C. Memo. 1999-404


UNITED STATES TAX COURT


EDWARD R. STOLZ II, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17246-97.                    Filed December 14, 1999.


    Following disallowance by R of amounts deducted as
business expenses, P entered into a stipulation agreeing to
an additional tax of $17,823 for the taxable year 1995.  P,
however, challenged R's determination of an addition to tax
under sec. 6651(a), I.R.C., for failure to timely file, and
an accuracy-related penalty under sec. 6662(a), I.R.C., on
account of negligence and a substantial understatement of
income tax.  P contended that any untimeliness and
inaccuracies were excused by his reliance on a certified
public accountant to prepare and file his return.
    <u>Held</u>: On the facts, reliance upon a professional tax
adviser does not constitute reasonable cause within the
meaning of sec. 6651(a), I.R.C., for purposes of relieving P
of liability for the delinquency addition to tax.
    <u>Held</u>, <u>further</u>, P failed to establish that correct
information was provided to his tax preparer as is necessary
for reliance upon an agent to be deemed reasonable cause
excusing P from liability for the sec. 6662(a), I.R.C.,
accuracy-related penalty.

Edward R. Stolz II, pro se.

Daniel J. Parent, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

NIMS, Judge: Respondent determined the following deficiencies, additions to tax, and accuracy-related penalties with respect to petitioner's Federal income taxes for the taxable years 1994 and 1995:

| | | Additions To Tax | | Penalty |
|---|---|---|---|---|
| Taxable Year | Income Tax Deficiency | Sec. 6651(a)(1) | Sec. 6654 | Sec. 6662(a) |
| 1994 | $293,460 | | $15,228 | $58,692 |
| 1995 | 391,300 | $19,619 | 21,801 | 78,260 |

After concessions, the issues remaining for decision are:

(1) Whether petitioner is liable for the section 6651(a)(1) addition to tax for failure to timely file an income tax return for the 1995 taxable year; and

(2) whether petitioner is liable for the section 6662(a) accuracy-related penalty on account of negligence or substantial understatement of income tax for the 1995 taxable year.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations filed by the parties, with accompanying exhibits, are incorporated herein by this reference.

Edward R. Stolz II resided in Sacramento, California, at the time of filing his petition in this case. Since the 1970s, he has owned a radio station in Sacramento and has operated the business as a sole proprietorship. The disallowance of deductions taken with respect to this business, after an audit of petitioner's 1994 and 1995 income tax returns, underlies the matter at hand.

Prior to trial, the parties entered into a Stipulation of Settled Issues and signed a Joint Status Report resolving the majority of the points in controversy as follows:

> Petitioner is not liable for any additional tax or penalties for tax year 1994.
> Petitioner is liable for additional tax of $17,823.00 for tax year 1995.
> The parties have been unable to resolve whether petitioner is liable for the delinquency penalty under section 6651(a) and the accuracy-related penalty under section 6662(a) for tax year 1995.
> The parties request that this case be set for trial to resolve the two remaining issues.

After recalculation based on these concessions, the amounts remaining at issue are $945 for the delinquency addition to tax and $3,564.60 for the accuracy-related penalty, both with respect to 1995.

Timeliness of 1995 Return

Petitioner's income tax return for 1995 was prepared by William D. McConnaughy, a certified public accountant. Petitioner's 1995 return was due, taking into account extensions which had previously been granted, on October 15, 1996. Mr. McConnaughy signed petitioner's return as preparer on October 8, 1996. On October 15, 1996, petitioner went to Mr. McConnaughy's office, signed his return, and wrote a check for the $10,756 shown on the return as the tax owing. The return was then mailed to the Internal Revenue Service in an envelope bearing two 32-cent stamps and the return address of McConnaughy Accountancy Corp. However, this envelope was returned to the McConnaughy firm marked "return to sender" and "postage due 14¢". Petitioner's 1995 tax return was subsequently received by the Internal Revenue Service in a second McConnaughy Accountancy Corp. envelope bearing postage of 78 cents affixed by a postal meter. This envelope was postmarked in Sacramento, California, on November 1, 1996.

The postal rate in effect for 1996 was 32 cents for the first ounce and 23 cents for each additional ounce. The necessary postage for 1 to 2 ounces was therefore 55 cents and for 2 to 3 ounces was 78 cents. Petitioner's return consisted of 15 pages.

Accuracy of 1995 Return

For purposes of preparing the 1995 return, petitioner provided Mr. McConnaughy with a hard copy of the records maintained by an in-house accounting software system used for his radio business. Petitioner also produced documentation such as receipts, invoices, bank statements, and payroll ledgers when requested to do so by Mr. McConnaughy. Petitioner did not examine or discuss the contents of the return when it was presented to him for signing on October 15.

Petitioner's 1995 return reported $876,342 in business expenses. During the course of the subsequent audit of this return, petitioner substantiated $637,769 in business expenses. The parties agreed that petitioner was not entitled to deductions for the resulting $238,573 difference and was liable for an additional $17,823 in tax beyond the $10,756 reported on the 1995 return.

The 1995 return lists no single item which accounts for this disparity. Discrepancies between amounts as reported on the return and as substantiated exist with respect to a number of the enumerated expense categories. Car and truck expenses total $9,000 on the return and $280.32 on the reconstruction. The return lists $241,874 for taxes and licenses; the reconstruction includes a category for taxes and licenses of $8,667.65 and a category for payroll taxes of $99,842.89. Depreciation of

$22,009 was deducted on the return, and depreciation of $1,645.50 was allowed as a deduction based on the audit. Wages of $236,903 are shown on the return; payroll of $231,793.87 is listed on the reconstruction. Rent of $160,306 was reported; rent of $141,297.03 was included in the adjusted expense amounts. Only advertising expenses of $3,600 correspond precisely in the two computations.

OPINION

We must decide whether petitioner is liable for either the delinquency addition to tax or the accuracy-related penalty in connection with the filing and content of his 1995 Federal income tax return, or for both.

Petitioner contends that the stipulations entered by the parties constitute a full settlement of all issues in exchange for the payment of an additional tax of $17,823 for 1995. To determine supplemental sums under sections 6651 and 6662 is therefore, in petitioner's view, a violation of the settlement agreement. Petitioner also asserts that his reliance on a certified public accountant to prepare and file his return establishes reasonable cause excusing him from responsibility for any untimeliness or inaccuracies.

Conversely, respondent argues that petitioner's alleged reliance on his tax preparer fails to satisfy the standard of reasonable cause necessary to relieve petitioner from either the

delinquency addition or the accuracy-related penalty. Hence, respondent contends that petitioner is liable for these sums because his return was filed subsequent to the due date and contained understatements which were both substantial and negligent.

We conclude that the stipulations entered by the parties do not preclude respondent from determining the additions or penalties at issue here. We further agree with respondent that the untimeliness of and understatements in petitioner's return are not excused by reliance on a tax preparer and justify imposing the delinquency addition and the accuracy-related penalty.

General Considerations

As a threshold matter, we first address petitioner's contention that to determine any additional sums or penalties violates the stipulations entered by the parties. This position, however, is not supported by the record. The document in which petitioner agreed to the additional tax of $17,823 for 1995, the Joint Status Report signed by both parties on August 25, 1998, expressly states that "The parties have been unable to resolve whether petitioner is liable for the delinquency penalty under section 6651(a) and the accuracy-related penalty under section 6662(a) for tax year 1995." The status report then concludes: "The parties request that this case be set for trial to resolve

the two remaining issues."  This document therefore does not purport to settle all issues.  Furthermore, no subsequent documents disposing of the addition to tax and penalty questions have been filed.  Respondent's determinations thus cannot be construed as in violation of a fully stipulated settlement.

Section 6651(a) Addition to Tax

Section 6651(a) provides, in relevant part, as follows:

SEC. 6651.  FAILURE TO FILE TAX RETURN OR TO PAY TAX.

(a) Addition to the Tax.--In case of failure-

(1) to file any return required under authority of subchapter A of chapter 61 * * * , on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect,  there shall be added to the amount required to be  shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for       each additional month or fraction thereof during       which such failure continues, not exceeding 25 percent in the aggregate.

The Supreme Court has characterized this section as imposing a civil penalty to ensure timely filing of tax returns and as placing on the taxpayer "the heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause'", in order to escape the penalty.  United States v. Boyle, 469 U.S. 241, 245 (1985).  "Willful neglect" denotes "a conscious, intentional failure or reckless indifference."  Id.  "Reasonable cause"

correlates to "ordinary business care and prudence".  Id. at 246

& n.4; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Timely

filing is further defined to mean timely mailing with a postmark

on or before the prescribed filing date and with sufficient

postage prepaid.  See sec. 7502(a); sec. 301.7502-1(c)(1),

Proced. & Admin. Regs.

In addition to setting forth the general standard for

applicability of section 6651(a), the Supreme Court in United

States v. Boyle, supra, has also spoken definitively upon whether

reliance on a professional tax preparer will satisfy this

standard.  The Court observed that "Whether the elements that

constitute 'reasonable cause' are present in a given situation is

a question of fact, but what elements must be present to

constitute 'reasonable cause' is a question of law."  Id. at 249

n.8.  The taxpayer in Boyle contended that failure to timely file

because of a clerical oversight on the part of the attorney

preparing the tax return should be excused on the grounds of

reasonable cause.  See id.  Faced with this situation, the Court

stated: "The time has come for a rule with as 'bright' a line as

can be drawn consistent with the statute and implementing

regulations."  Id. at 248.  The Supreme Court then held that,

while it is reasonable for taxpayers to rely on substantive

advice given by an accountant or attorney, "failure to make a

timely filing of a tax return is not excused by the taxpayer's

reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under § 6651(a)(1)."  Id. at 251-252; see also Cooper v. Commissioner, T.C. Memo. 1997-494; Radabaugh v. Commissioner, T.C. Memo. 1992-572.

Given this standard, the failure on the part of petitioner here to ensure that his return was mailed with sufficient postage prepaid and postmarked by the October 15, 1996, due date renders him subject to the section 6651(a) addition to tax.  Even if the return was stamped and mailed by the accountant, as petitioner claims, such reliance upon an agent for timely filing would not constitute reasonable cause within the meaning of the statute.  Furthermore, nothing in the record supports petitioner's related contention that Postal Service error is responsible for the untimeliness.  Although petitioner asserts that 64 cents was in fact sufficient postage, he did not offer into evidence the actual weight of the original return and envelope.  The envelope in which the return was successfully sent bears 78 cents postage affixed by a postal meter.  Petitioner has not shown that the return, when weighed by the meter, was not heavy enough to require 78 cents.

Section 6662(a) Accuracy-Related Penalty

Subsection (a) of section 6662 imposes an accuracy-related penalty in the amount of 20 percent of any underpayment that is attributable to causes specified in subsection (b).  Subsection

(b) of section 6662 then provides that among the causes justifying imposition of the penalty are: (1) Negligence or disregard of rules or regulations and (2) any substantial understatement of income tax.

"Negligence" is defined in section 6662(c) as "any failure to make a reasonable attempt to comply with the provisions of this title", and "disregard" as "any careless, reckless, or intentional disregard."  Case law similarly states that "Negligence is a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances."  Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299)), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).  A "substantial understatement" is declared by section 6662(d)(1) to exist where the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000.

An exception to the section 6662(a) penalty is set forth in section 6664(c)(1) and reads: "No penalty shall be imposed under this part with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion."

The taxpayer bears the burden of establishing that this reasonable cause exception is applicable, as respondent's determination of an accuracy-related penalty is presumed correct. See Rule 142(a).

Regulations interpreting section 6664(c) state:

The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. * * * Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability. * * * [Sec. 1.6664-4(b)(1), Income Tax Regs.]

Furthermore, reliance upon the advice of an expert tax preparer may, but does not necessarily, demonstrate reasonable cause and good faith in the context of the section 6662(a) penalty. See id.; see also Freytag v. Commissioner, supra at 888. Such reliance is not an absolute defense, but it is a factor to be considered. See Freytag v. Commissioner, supra at 888. In order for this factor to be given dispositive weight, the taxpayer claiming reliance on a professional such as an accountant must show, at minimum, that (1) the accountant was supplied with correct information and (2) the incorrect return was a result of the accountant's error. See, e.g., Ma-Tran Corp. v. Commissioner, 70 T.C. 158, 173 (1978); Pessin v. Commissioner, 59 T.C. 473, 489 (1972); Garcia v. Commissioner, T.C. Memo. 1998-203, affd. without published opinion 190 F.3d 538 (5th Cir. 1999).

In addition, this Court has been unwilling to permit taxpayers to shift responsibility for inaccuracies to an agent in circumstances where even a cursory review of the returns would reveal substantial underreporting. See, e.g., Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987); Pritchett v. Commissioner, 63 T.C. 149, 175 (1974).

Applying these principles to the case at hand, we find that petitioner's return contained a substantial understatement, and we need not reach the question of whether petitioner was also negligent.  Petitioner reported a tax owing of $10,756 and has stipulated to an additional tax of $17,823 for 1995.  The understatement therefore exceeds both 10 percent of the total tax (10 percent of $28,579 equals $2,857.90) and $5,000.  Although petitioner claims that the stipulation represents only a settlement and does not establish or represent his agreement to an understatement, we are unable to see how petitioner can stipulate that he is liable for tax beyond that stated on his return without also conceding that tax was understated on the return.

Turning then to whether reasonable cause exists for this inaccuracy, we conclude that petitioner has failed to prove facts necessary to render reliance on his accountant exculpatory. Petitioner testified that he provided hard copies of records maintained by his in-house accounting software and, upon request,

copies of supporting documents.  He did not, however, offer either the hard copies or any underlying documents into evidence.  He also did not indicate which, if any, supporting documents were provided to Mr. McConnaughy in connection with the 1995 return.  Consequently, petitioner has not established that correct information was supplied to his accountant or that the incorrect return resulted from Mr. McConnaughy's error.

In addition, the fact that a majority of the substantiated expense amounts differ from those claimed on the 1995 return would seem to make the possibility that petitioner supplied insufficient or ambiguous data to the accountant more likely.  Furthermore, petitioner's failure to examine or discuss with Mr. McConnaughy the contents of the return weighs against finding his reliance reasonable.  He appears to have made only minimal efforts to self-assess his proper tax liability.

We therefore conclude that petitioner has not established reasonable cause for the inaccuracies in his 1995 return and is liable for the section 6662(a) penalty.  Respondent's determinations are therefore sustained as to both the section 6651(a) addition to tax and the section 6662(a) accuracy-related penalty.

To reflect the foregoing,

Decision will be entered
under Rule 155.